UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DEUTSCHE BANK NATIONAL TRUST COMPANY, as
Trustee, on behalf of the Holders of the J.P. Morgan
Mortgage Acquisition Trust 2007-CH3 Asset Backed Pass-      3:24-cv-00564 (BKS/ML)
Through Certificates, Series 2007-CH3,

                                             Plaintiff,

v.

JEAN LETENNIER a/k/a Jean Michel LeTennier a/k/a
JEAN M. LeTennier; GREGORY SCHUENEMANN;
STATE BANK OF LONG ISLAND, KSENIA
KRAVTSOVA,

                                             Defendants.
_____

**Appearances:**

*For Plaintiff*:
Robert D. Bailey
Hinshaw & Culbertson LLP
800 Third Avenue, 13th Floor
New York, New York 10022

*Jean LeTennier pro se:*
Jean LeTennier
Unadilla, New York 13849

**Hon. Brenda K. Sannes, Chief United States District Judge:**

MEMORANDUM-DECISION AND ORDER

I.      **INTRODUCTION**

On March 26, 2018 Plaintiff Deutsche Bank National Trust Company, as Trustee, on behalf of the holders of the J.P. Morgan Mortgage Acquisition Trust 2007-CH3 Asset Backed Pass-Through Certificates, Series 2007-CH3, filed this mortgage foreclosure action against Defendants Jean LeTennier a/k/a Jean Michel LeTennier a/k/a Jean M. LeTennier, Gregory

Schuenemann, State Bank of Long Island, and John Doe,[1] in the Supreme Court of the State of New York, County of Delaware. (Dkt. No. 4). More than six years later, on April 24, 2024, Defendant LeTennier removed this action pursuant to 28 U.S.C. § 1441, asserting federal question and diversity of citizenship jurisdiction under 28 U.S.C. §§ 1331 and 1332. (Dkt. No. 1-19). Presently before the Court is Plaintiff's motion to remand this case back to state court pursuant to 28 U.S.C. § 1447(c). (Dkt. No. 16). Defendant LeTennier opposes Plaintiff's motion. (Dkt. No. 18). For the reasons that follow, Plaintiff's motion is granted.

## II.   DISCUSSION

### A.   Standard of Review

Section 1447 provides a mechanism for remand to state court: "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "[O]n a motion to remand, the party seeking to sustain the removal, not the party seeking remand, bears the burden of demonstrating that removal was proper." *Pate v. City of Rochester*, 579 F. Supp. 3d 417, 420 (W.D.N.Y. 2022) (quoting *Hodges v. Demchuk*, 866 F. Supp. 730, 732 (S.D.N.Y. 1994)). "When considering a motion to remand, the district court accepts as true all relevant allegations contained in the complaint and construes all factual ambiguities in favor of the plaintiff." *Macklin v. Lexington Ins. Co.*, No. 20-cv-05372, 2020 WL 5796814, at *2, 2020 U.S. Dist. LEXIS 179427, at *5 (S.D.N.Y. Sept. 29, 2020).

---

[1] Ksenia Kravtsova is also listed on the docket as a Defendant but is not reflected in the Notice of Removal or Complaint. (Dkt. Nos. 1, 4). Kravtsova's name does appear, however, on the Judgment of Foreclosure and Sale. (Dkt. No. 1-5, at 2).

2

**B.     Analysis**

Plaintiff asserts remand is required on several grounds: (1) there is no federal question jurisdiction; (2) as this case is removable solely on the ground of diversity jurisdiction, removal was improper because LeTennier is a "citizen of the State in which such action is brought," in violation of § 1441(b)(2); (3) LeTennier removed this case well outside the § 1446(b)'s 30-day time period for removal; (4) LeTennier failed to obtain the consent of the other Defendants in removing this case, in violation of § 1446(b); and (5) the *Rooker-Feldman* doctrine deprives this Court of subject matter jurisdiction. (*See generally* Dkt. No. 16).

**1.     Federal Question Jurisdiction**

Plaintiff asserts that as there is no federal claim in the Complaint, this action was not removable under 28 U.S.C. § 1331 on the basis of federal question jurisdiction. (Dkt. No. 16-1, at 6). LeTennier responds because "plaintiff is foreclosing on Securities not a mortgage note," federal law, "not New York State law," governs, (Dkt. No. 18, at 23; *see also* Dkt. No. 1, at 31 (LeTennier asserting that the Complaint arises under the "National Security Markets Improvement Act of 1996" and the Fair Debt Collection Practices Act (FDCPA) (citing 15 U.S.C. § 1692(i))), and that "if a borrower . . . raises a defense or counterclaim based on federal law such as the Truth in Lending Act (TILA) or the Fair Credit Reporting Act (FCRA), the case may be removed from state court to federal court." (Dkt. No. 1, at 30).

"The Section 1331 federal question determination requires a limited inquiry, looking only at the Plaintiff's original cause of action to ascertain whether it includes a federal question while ignoring any and all answers, defenses and counterclaims." *Town of Southold v. Go Green Sanitation, Inc.*, 949 F. Supp. 2d 365, 370 (E.D.N.Y. 2013) (citing *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831–32 (2002)). Here, Plaintiff's "Mortgage Foreclosure Complaint" seeks foreclosure under the New York State Real Property Actions and

3

Proceedings Law ("RPAPL"). (Dkt. No. 4); *see Stewart v. Deutsche Bank Nat'l Tr. Co. as Tr. for Ameriquest Mortg. Sec. Inc.*, No. 3:22-cv-1243, 2022 WL 5246646, at *2, 2022 U.S. Dist. LEXIS 183102, at *5 (D. Conn. Oct. 6, 2022) (explaining that a claim that "principally sound[s] in foreclosure" is "'a quintessential state cause of action.'" (quoting *Bank of New York v. Consiglio*, 2017 WL 4948069, at *3, 2017 U.S. Dist. LEXIS 181279, at *6 (D. Conn. Nov. 1, 2017)). As Plaintiff solely seeks relief under the New York RPAPL, and asserts no federal cause of action, LeTennier's attempt to characterize the Complaint as asserting a claim under federal securities law fails. *See Consiglio*, 2017 WL 4948069, at *3, 2017 U.S. Dist. LEXIS 181279, at *6 (rejecting the defendant's attempt to characterize state court complaint as asserting federal cause of action where complaint "sound[ed] squarely and solely in foreclosure, a . . . state cause of action"). Thus, as no federal question appears on the face of the Complaint, removal under federal question jurisdiction was improper. *Fax Telecommunicaciones Inc. v. AT & T*, 138 F.3d 479, 486 (2d Cir. 1998) ("Removal is proper only if the federal question appears plainly on the face of a well-pleaded complaint.") (internal quotations omitted). LeTennier attempted assertions of defenses or counter claims under the TILA, FDCPA, or federal statute, do not provide a basis for federal question jurisdiction, either as the Court must ignore "all answers, defenses and counterclaims" in conducting the federal question determination. *US Bank, N.A. as Tr. for Truman 2016 SC6 Title Tr. v. Modikhan*, No. 22-cv-7475, 2023 WL 159844, at *2 (E.D.N.Y. Jan. 11, 2023) (finding that where underlying complaint sought foreclosure on the defendants' mortgage, and asserted no federal claims, the "Defendants' invocation of federal defenses or counterclaims does not establish federal question jurisdiction"); *see also Vaden v. Discover Bank*, 556 U.S. 49, 62 (2009) ("[C]ounterclaims, even if they rely exclusively on federal

substantive law, do not qualify a case for federal-court cognizance."). Accordingly, the Court lacks federal question jurisdiction over the Complaint.

### 2. Diversity Jurisdiction - Forum Defendant

As the Complaint contains state law claims arising from Plaintiff's efforts to foreclose on a mortgage, (*see generally* Dkt. No. 4), the only basis for the Court's jurisdiction over this matter is diversity of citizenship. *See* 28 U.S.C. § 1332 ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between—citizens of different states"). In this case, LeTennier, a citizen of New York, asserts that Deutsche Bank is a citizen of California.[2] (Dkt. No. 18, at 8). However, because, as Plaintiff correctly asserts, LeTennier is a citizen of New York, the State in which the action was brought, the forum defendant rule set forth in 28 U.S.C. § 1441(b)(2) prohibits him from removing this action. (Dkt. No. 16-1, at 5).

Section 1441(b)(2) provides that "[a] civil action otherwise removable solely on the basis of [diversity] jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). As the Second Circuit has explained, in general, the "application of the forum defendant rule is straightforward: a defendant is sued in a diversity action in the state courts of its home state, is served in accordance with state law, attempts to remove the case, and is rebuffed by a district court applying Section 1441(b)(2)." *Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705 (2d Cir. 2019). Here, Plaintiff has presented

---

[2] Plaintiff argues that LeTennier "fails to provide this Court with any information regarding the citizenship of the parties that would permit the Court to render a finding on diversity jurisdiction." (Dkt. No. 16-1, at 6). However, according to LeTennier's submissions, there is diversity of citizenship between LeTennier (New York) and Deutsche Bank (California). (Dkt. No. 18, at 8). Moreover, according to the Complaint, Defendant Schuenemann and Defendant State Bank of Long Island have New York addresses. (Dkt. No. 4, at 10). There is no information regarding the citizenship of Kravtsova, who was not named in the original Complaint.

evidence that LeTennier was properly joined and was served in accordance with state law prior to the removal of this action. (Dkt. No. 16-5 (affidavit of service of the Complaint dated April 18, 2018)). Accordingly, as LeTennier has been sued in New York, his home state, this action "may not be removed" under 28 U.S.C. § 1441(b)(2) and remand is required. *See Wilmington Tr., Nat'l Ass'n v. Pearson*, No. 18-cv-4845, 2018 WL 3918182, at *1, 2018 U.S. Dist. LEXIS 139431, at *3 (S.D.N.Y. Aug. 16, 2018) (remanding action as improperly removed where the defendants were "citizens of the New York State in which this action was originally brought, and they were properly joined and served prior to the filing of the removal motion" (citing 29 U.S.C. § 1441(b)(2)).[3]

### III. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Plaintiff's motion for remand (Dkt. No. 16) is **GRANTED**; and it is further

**ORDERED** that this action is **REMANDED** to the Supreme Court of the State of New York, County of Delaware for all further proceedings; and it is further

**ORDERED** that the Clerk is directed to mail a copy of this Memorandum-Decision and Order to the Clerk of the Supreme Court of the State of New York, Delaware County for filing in Deutsche Bank Nat'l Trust Co. v. LeTennier et al., Index No. 2018-290, and it is further

---

[3] As remand is required on the above grounds, the Court does not reach Plaintiff's other arguments, including the arguments that remand is required because (1) LeTennier's removal of this action approximately six years after the filing of the Complaint, was untimely, *see Abbo-Bradley v. City of Niagara Falls*, 73 F.4th 143, 146 (2d Cir. 2023) ("Generally, a defendant has up to 30 days from receipt of an initial pleading to file a notice of removal." (citing 28 U.S.C. § 1446 (b)(1))), (2) LeTennier failed to obtain consent to removal from all Defendants, *see* 28 U.S.C. § 1446(b)(2)(A) ("[A]ll defendants who have been properly joined and served must join in or consent to the removal of the action."), and (3) the *Rooker-Feldman* doctrine deprives this Court of subject matter jurisdiction.

**ORDERED** that the Defendant's motion to for a preliminary injunction, (Dkt. No. 9), is **DENIED as moot.**

**IT IS SO ORDERED.**

Dated: <u>June 18, 2024</u>
Syracuse, New York

*Brenda K. Sannes*
Brenda K. Sannes
Chief U.S. District Judge